**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>    HO WAN KWOK, *et al.*,<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,<br><br>                Plaintiff,<br><br>           v.<br><br>LAMP CAPITAL LLC, INFINITY TREASURY MANAGEMENT INC., HUDSON DIAMOND NY LLC, HUDSON DIAMOND HOLDING LLC, LEADING SHINE NY LTD., MEI GUO, and YANPING, A/K/A "YVETTE" WANG,<br><br>                Defendants. | Adv. P. No. 23-05023 (JAM)<br><br>Re: ECF No. 15, 76 |

**APPEARANCES**

Lee Vartan
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, NJ 07052

   and

Sam Della Fera, Jr.
Melissa F. Wernick
Chiesa Shahinian & Giantomasi PC
105 Eisenhower Parkway
Roseland, NJ 07068

Aaron A. Romney
James M. Moriarty
Zeisler & Zeisler PC
10 Middle Street, 15th Floor
Bridgeport, CT 06604

*Counsel for Movants Hudson Diamond NY LLC, Hudson Diamond Holding LLC, Leading Shine NY Ltd., and Ms. Mei Guo, Defendants*

Avram E. Luft
G. Alexander Bongartz
Douglass Barron
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

and

Nicholas A. Bassett
Paul Hastings LLP
2050 M Street NW
Washington, D.C. 20036

Douglas Skalka
Patrick R. Linsey
Neubert, Pepe & Montieth
195 Church Street, 13th Floor
New Haven, CT 06510

*Counsel for Respondent Mr. Luc A. Despins, Chapter 11 Trustee for the Estate of Mr. Ho Wan Kwok, Plaintiff*

**MEMORANDUM OF DECISION AND**
**ORDER DENYING MOTIONS TO DISMISS**

Julie A. Manning, United States Bankruptcy Judge

## I.  INTRODUCTION

Before the Court are two motions to dismiss (each a "Motion" or "Motion to Dismiss" and together, collectively, the "Motions" or "Motions to Dismiss").  (ECF Nos. 15, 76.)[1]  The first Motion (ECF No. 15) filed is by defendants Hudson Diamond NY, LLC ("HDNY"), Hudson Diamond Holding LLC ("HD Holding," and together with HDNY, collectively, the "HD Entities"), and Ms. Mei Guo ("Ms. Guo").  The second Motion (ECF No. 76) filed by defendant Leading Shine NY Ltd. ("Leading Shine" and together with the HD Entities and Ms. Guo, collectively, the "Moving Defendants").  The Motion filed by the HD Entities and Ms. Guo seeks to dismiss (i) claims three and four of the complaint (the "Complaint") (ECF No. 1) filed by Mr. Luc A. Despins, in his capacity as Chapter 11 trustee (the "Trustee") for the bankruptcy estate of

---

[1]  References to the docket in this adversary proceeding will be styled "ECF No. __." References to the docket in the main case, *In re Kwok*, Case No. 22-50073 (JAM), will be styled "Main Case ECF No. __."

2

Mr. Ho Wan Kwok, as against HDNY and (ii) the entire complaint as against HD Holding and Ms. Guo.  The Motion filed by Leading Shine seeks to dismiss claims five and six of the Complaint asserted against Leading Shine.  For the reasons stated below, the Court **DENIES** the Motions.

## II.  BACKGROUND

On February 15, 2022, Individual Debtor filed a voluntary Chapter 11 petition in this Court.  (Main Case ECF No. 1.)  The Individual Debtor's case is jointly administered with two affiliated corporate Chapter 11 cases.  (Main Case ECF Nos. 970, 1141.)  For the reasons set forth therein, on June 15, 2022, the Court entered a memorandum of decision and order appointing a Chapter 11 trustee.  (Main Case ECF No. 465.)  *In re Kwok*, 640 B.R. 514 (Bankr. D. Conn. 2022).  On July 8, 2022, Mr. Despins was appointed as the Trustee.  (Main Case ECF No. 523.)

On October 16, 2023, the Trustee filed the Complaint in this adversary proceeding.  (ECF No. 1.)  On November 30, 2023, the HD Entities and Ms. Guo were granted an extension of time to answer or otherwise respond to the Complaint.  (ECF No. 10.)  On December 18, 2023, the HD Entities and Ms. Guo timely filed their Motion to Dismiss.  (ECF Nos. 15–17.)  On January 8, 2024, the Trustee filed an objection to their Motion.  (ECF No. 36.)  On January 22, 2024, the HD Entities and Ms. Guo filed a reply in support of their Motion.  (ECF No. 51.)  As of January 22, 2024, the Motion has been fully briefed.

Leading Shine did not timely respond to the Complaint.  On December 8, 2023, the Trustee requested the Clerk of Court enter default against, *inter alia*, Leading Shine.  (ECF No. 11.)  On December 14, 2023, the Clerk of Court entered the requested default.  (ECF No. 13.)  On January 2, 2024, Leading Shine moved to set aside the default.  (ECF No. 30.)  On January

18, 2024, the Trustee objected to Leading Shine's motion to set aside default.  (ECF No. 47.)  On January 22, 2024, Leading Shine filed a reply in support of its motion to set aside default.  (ECF No. 53.)  On January 23, 2024, a hearing was held on, *inter alia*, the motion to set aside default, which was taken under advisement.

On March 6, 2024, for the reasons set forth therein, the Court issued the Memorandum of Decision and Order Granting Motion to Set Aside Default ("Order Granting Motion to Set Aside Default").  (ECF No. 74.)  The default entered against Leading Shine was set aside despite finding the default was willful and Leading Shine lacked a meritorious defense because, in pertinent part, Ms. Guo had timely filed her Motion to Dismiss and claim six of the Complaint sought relief against Ms. Guo related to Leading Shine.  (*Id.*)  On March 14, 2024, Leading Shine filed its Motion to Dismiss (ECF No. 76) and a motion to have the hearing its Motion coincide with the hearing on the Motion to Dismiss filed by the HD Entities and Ms. Guo (ECF No. 77).  On March 15, 2024, the Court granted Leading Shine's request for an expedited hearing.  (ECF No. 78.)  In granting an expedited hearing, the Court held that the Trustee did not need to file a response or objection to Leading Shine's Motion, but could raise arguments at the hearing because of the limited time before the hearing.  (*Id.*)  The Trustee did not file a responsive pleading.  Leading Shine's Motion is also fully briefed.

On March 19, 2024, a hearing was held on the Motions to Dismiss.  At the conclusion of the hearing, the Court took the Motions under advisement.

These matters are ripe for decision.

## III. JURISDICTION

### A. Authority

The United States District Court for the District of Connecticut has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This Court has authority to hear and determine this matter pursuant to 28 U.S.C. § 157(a) and the Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This adversary proceeding in which the instant matters arise is a statutorily core proceeding. 28 U.S.C. § 157(b)(2)(A), (E), (O). The Court concludes its exercise of jurisdiction is not precluded by Constitutional concerns. *Cf. Stern v. Marshall*, 564 U.S. 462, 487–99 (2011).

Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. Standing

The Moving Defendants argue the Court lacks jurisdiction over the claims asserted by the Trustee because he lacks standing to bring his claims under the doctrine propounded in *Shearson Lehman Hutton Inc. v. Wagoner*. 944 F.2d 114 (2d Cir. 1991). The Trustee argues the *Wagoner* doctrine does not present a bar to his claims because he can bring his claims on behalf of creditors and, even if he brought the claims on behalf of the Individual Debtor, exceptions to the *Wagoner* and *in pari delicto* doctrines would apply. The Trustee also argues that Ms. Guo and Leading Shine are collaterally estopped from raising this argument by, respectively, the Memorandum of Decision and Order Denying in Part Motion to Dismiss Counterclaims (the "HK USA Order") (*HK Int'l Funds. Invs. (USA) Ltd. v. Despins ex rel. Kwok (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 22-05003 (JAM) (Bankr. D. Conn. April 14, 2023), ECF No. 202), and the Order Granting Motion to Set Aside Default, which rejected almost identical arguments.

### 1. The *Wagoner* Doctrine

The Complaint must "clearly" allege the relevant jurisdictional facts establishing standing to sue, either on behalf of creditors or standing in the shoes of the Individual Debtor. *Warth v. Seldin*, 422 U.S. 490, 490 (1972); *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018); *Toretto v. Donnelley Fin. Solutions, Inc.*, 523 F. Supp. 3d 464 (S.D.N.Y. 2021); *Dennis v. JPMorgan Chase & Co.*, 343 F. Supp. 3d 122, 156 (S.D.N.Y. 2018). Although an assertion of *in pari delicto* is typically considered an affirmative equitable defense, the *Wagoner* doctrine, including its consideration of *in pari delicto*, "functions as a prudential standing limitation." *Carney ex rel. Highview Point Partners, LLC v. Horion Invs. Ltd.*, 107 F. Supp. 3d 216, 228 (D. Conn. 2015); *cf. Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340, 346–47 (3d Cir. 2001); *but see Kirschner v. KPMG LLP*, 938 N.E.2d 941, 959–60 (N.Y. 2010) (Ciparick, J. dissenting); *Adelphia Commc'n Corp. v. Bank of Am., N.A. (In re Adelphia Commc'n Corp.)*, 365 B.R. 24, 45 (Bankr. S.D.N.Y. 2007).

In *Wagoner*, the United States Court of Appeals for the Second Circuit was concerned only with actions brought by the bankruptcy trustee in his or her capacity as successor in interest to the debtor – not with actions brought by a bankruptcy trustee on behalf of creditors. 944 F.2d at 118 ("The trustee insists he is not asserting the claims of the noteholders, so it is unnecessary for us to delve deeply into when, if ever, a trustee may sue a third party on behalf of the bankrupt's creditors."). The Bankruptcy Code provides a bankruptcy trustee standing to bring certain claims on behalf of creditors. *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 700 (2d Cir. 1989) ("Under the Bankruptcy Code, the bankruptcy trustee may bring claims founded, *inter alia*, on the rights of the debtor and on certain rights of the debtor's creditors."). Absent such statutory authority, the Second Circuit held in *Wagoner* that "a bankruptcy trustee

6

has no standing generally to sue third parties on behalf of the estate's creditors, but may only assert claims held by the bankrupt corporation itself." 944 F.2d at 118; *see Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1093 (2d Cir. 1995); *Sobchack v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.)*, 17 F.3d 600, 607 (2d Cir.1994).

Where a claim belongs to the debtor, courts consider whether the trustee is *in pari delicto* by imputation of the debtor's conduct. *Wagoner*, 944 F.2d at 119–20. However, "neither the *Wagoner* rule nor the *in pari delicto* doctrine apply to a trustee's statutory standing under Section 544 of the Bankruptcy Code." *Wells Fargo Bank, N.A. v. First Republic Bank (In re Salander)*, 503 B.R. 559, 569 n. 12 (S.D.N.Y. 2013); *see Arnold v. First Citizens Nat'l Bank (In re Cornerstone Homes, Inc.)*, 567 B.R. 37, 52–53 (Bankr. W.D.N.Y. 2017).

In sum, *Wagoner* instructs the Court to determine (i) whether the Complaint has clearly alleged statutory standing to bring the claims against the Moving Defendants on behalf of creditors; (ii) if not, whether the Complaint has clearly alleged the claims belong to the Individual Debtor; (iii) if the Complaint has clearly alleged claims belong to the Individual Debtor, whether the doctrine of *in pari delicto* is a bar to bringing the claims; and (iv) if the doctrine of *in pari delicto* would bar the claims, whether the Complaint clearly alleges sufficient facts supporting the applicability of an exception to the doctrine. The answer to any of these questions may end the analysis without need to answer the subsequent questions. *See Wagoner*, 944 F.2d at 118; *Salander*, 503 B.R. at 569 n. 12; *Cornerstone Homes*, 567 B.R. at 52–53.

**2. The Trustee Has Standing to Bring General Claims of the Creditors At Large**

The Trustee brings claims three, four, five, and six of the Complaint under section 544(a) of the Bankruptcy Code. Section 544(a) provides

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any

7

transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . [*e.g.,*] a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on simple contract could have obtained such a judicial lien, whether or not such creditor exists;

11 U.S.C. § 544(a).  Section 544(a) stands in contrast with section 544(b).  While section 544(a) provides a bankruptcy trustee with general powers to assert certain rights and powers of certain classes of hypothetical creditors, section 544(b) provides a bankruptcy trustee with the power to bring actions to avoid transfers, which could be brought by an actual creditor.  Whereas the limiting principal of section 544(a) is that the rights and powers must be those the creditors at large could bring, rather than the particularized claims belonging to particular creditors, the limiting principal of section 544(b) is that the actions brought must be avoidance actions that a particular creditor could bring.

The Court concludes, provided the actions exist under applicable state law, the plain text of section 544(a) provides a bankruptcy trustee may bring *alter ego* and beneficial ownership claims, such as claims three, four, five, and six of the Complaint.  *See, e.g.*, *Reid v. Wolf (In re Wolf)*, 644 B.R. 725, 748 (N.D. Ill. 2022); *Spradlin v. Beads & Steeds Inns, LLC (In re Howland)*, 516 B.R. 163, 166–67 (Bankr. E.D. Ky. 2014); *In re Archdiocese of Milwaukee*, 483 B.R. 693, 697 (Bankr. E.D. Wis. 2012); *Coan v. Manners (In re David X. Manners Co., Inc.)*, Case No. 15-51490 (JJT), Adv. P. No. 17-05012 (JJT), 2018 WL 6271603, at *2 (Bankr. D. Conn. Nov. 27, 2018); *see also* Richard J. Mason & Patricia K. Smoots, *When Do the Creditors' Shoes Fit?: A Bankruptcy Estate's Power to Assert the Rights of a Hypothetical Judgment Creditor*, 91 AM. BANKR. L.J. 435, 446 (Summer 2017).  *Alter ego* and beneficial ownership claims are generalized claims that could be brought by any hypothetical creditor in contexts such

as, *e.g.*, post-judgment proceedings where a hypothetical creditor seeks assets, upon which to execute its judgment.

Second Circuit precedent supports this determination. In *PepsiCo*, the Second Circuit determined whether a creditor had standing to bring a third-party alter ego claim against a debtor's parent outside of the debtor's bankruptcy proceedings. 884 F.2d at 690–92. The bankruptcy trustee had already brought an *alter ego* claim. *Id.* The Second Circuit had to determine (i) whether the bankruptcy trustee had standing to bring the *alter ego* claim; and (ii) if so, whether the bankruptcy trustee, rather than the creditor, was the proper party to pursue that claim. *Id.* at 696–702. In framing these issues, the Second Circuit stated

> It is plain from [legislative history] that Congress intended to protect all creditors by making the trustee the proper person to assert claims against the debtor. This reasoning extends to common claims against the debtor's alter ego or others who have misused the debtor's property in some fashion. If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action.

*Id.* at 700–01. Continuing its discussion of the issue, the Second Circuit stated

> . . . we believe that under the Bankruptcy Code and the circumstances of this case, if either of PepsiCo's asserted causes of action in this suit is property of the debtor or a claim otherwise properly asserted by the bankruptcy trustee, PepsiCo does not have *standing* to raise that cause of action outside of the bankruptcy proceeding.

*Id.* at 702 (emphasis in original). In arriving at this standard, the Second Circuit adopted the approach of the United States Court of Appeals for the Seventh Circuit in *Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339 (7th Cir. 1987). In *Koch Refining*, the Seventh Circuit held that a bankruptcy trustee could pursue *alter ego* claims under section 544 where

9

there was generalized rather than particularized harm to creditors because, under that provision, a trustee is "the representative of the general creditors." 831 F.2d at 1351–54.[2]

The Moving Defendants incorrectly suggest that the District of Connecticut disagrees with the Second Circuit. In *Titan Real Estate Ventures, LLC v. MJCC Realty Ltd. P'ship (In re Flanagan)*, the District of Connecticut observed that section 544(a) provides a bankruptcy trustee with the power to pursue "the types of claims that the Trustee, standing in the shoes of a hypothetical creditor, could have asserted," such as an *alter ego* claim. 415 B.R. 29, 47 (D. Conn. 2009). In *Flanagan*, however, the movant, who was a creditor and a successor to the bankruptcy trustee, did not bring the *alter ego* claim under section 544(a) and could no longer timely do so. 415 B.R. at 47–48. On those facts – entirely distinct from those presently before the Court, the District of Connecticut applied the *Wagoner* doctrine and found the movant lacked standing to bring an *alter ego* claim. *Id.*

From within the Second Circuit, the Moving Defendants also cite *Silverman ex rel. Agape World, Inc. v. Meister Seelig & Fein, LLP (In re Agape World, Inc.)*, for the proposition that "section 544 is limited to avoidance actions, and 'does not permit the trustee to assert the personal, direct claims of creditors for the benefit of the estate or for a particular class of creditors.'" 467 B.R. 556, 574 (Bankr. E.D.N.Y. 2012) (citing *Goldin ex rel. Granite Partners, L.P. v. Primavera Familienstiftung. (In re Granite Partners, L.P.)*, 194 B.R. 318, 324 (Bankr. S.D.N.Y. 1996)). While the Court agrees with *Agape* and *Granite* that a bankruptcy trustee may

---

[2] The Seventh Circuit goes on to discuss how on the facts before it *in pari delicto* would not bar such a claim under 11 U.S.C. § 544 because the corporation was itself injured. *Id.* The parties here, however, are agreed that imputation of the Individual Debtor's fault to the Trustee does not apply to claims properly brought under 11 U.S.C. § 544. (Reply at *3 ("The Trustee is correct that the *Wagoner* rule and *in pari delicto* doctrine do not apply to claims asserted under section 544.").) As noted above, this position is supported by the caselaw.

not bring "personal, direct claims of creditors for the benefit of the estate" under section 544(a), the Court agrees with the District of Connecticut that, under *PepsiCo*, a bankruptcy trustee may bring general claims held by hypothetical creditors at large under section 544(a). *See Flanagan*, 415 B.R. at 47.

Outside of the Second Circuit, the Moving Defendants cite to the United States District Court for the District of Delaware's decision in *Harrison v. Soroof International, Inc.* for the proposition that section 544(a) does not provide the Trustee standing to bring the Complaint's *alter ego* and beneficial ownership claims. 320 F. Supp. 3d 602, 612 n.10 (D. Del. 2018). The debtor-in-possession in *Harrison* brought its action under section 544(b) instead of section 544(a). Nevertheless, the District of Delaware states, in *dicta*, that section 541 – not section 544(a) – provides a bankruptcy trustee with standing to bring an *alter ego* claim. 320 F. Supp. 3d at 612 n. 10.[3] In support of this position, *Harrison* cites *Baillie Lumber Co., LP v. Thompson (In re Icarus Holding, LLC)*, 391 F.3d 1315, 1319 n. 4 (11th Cir. 2004), and *Mixon v. Anderson (In re Ozark Restaurant Equipment Co.)*, 816 F.2d 1222 (8th Cir. 1987), acknowledging the opposing view articulated by the Seventh Circuit in *Koch*. In *Icarus*, the United States Court of Appeals for the Eleventh Circuit agrees with *Ozark* and disagrees with *Koch*. *Icarus*, 391 F.3d at 1319 n. 4. In *PepsiCo*, the Second Circuit in *PepsiCo* discusses both *Koch* and *Ozark*. *PepsiCo*,

---

[3] From the District of Delaware, the Moving Defendants additionally cite *Maxus Liquidating Trust v. YPF S.A. (In re Maxus Energy Corp.)* for the proposition that *alter ego* and beneficial ownership claims are "Non-544" claims. 611 B.R. 532, 537 (D. Del. 2019). A review of the underlying bankruptcy court opinion in that case, however, makes clear that the "Non-544" claims were claims that were not *brought* under section 544. *Maxus Liquidating Trust v. YPF S.A. (In re Maxus Energy Corp.)*, 597 B.R. 235, 240 (Bankr. D. Del. 2019) ("The Trust brings the fraudulent transfer claims ("544 Claims") under both state law and its 11 U.S.C. § 544 and § 550 powers as creditor-successor, but brings the other related claims ("Non-544 Claims") only under state law."). Here, the Trustee brings claims three, four, five, and six of the Complaint under 11 U.S.C. § 544.

884 F.2d at 698–99. As discussed above, the Second Circuit agrees with *Koch* – not *Ozark*. *Id.* The Second Circuit has expressly disagreed with the caselaw supporting the District of Delaware's *dicta* in *Harrison*.

Furthermore, it is important that *Harrison* was decided within the Third Circuit. In the Third Circuit, precedent of the United States Court of Appeals for the Third Circuit establishes that generalized claims of creditors are property of the debtor's estate. *In re Emoral, Inc.*, 740 F.3d 875 (3d Cir. 2014) (holding that successor liability claims were property of the estate because they are generalized rather than particularized harm to creditors and other similar claims, such as alter ego claims, are considered property of the estate). Therefore, in the Third Circuit bankruptcy trustees can bring *alter ego* and beneficial ownership claims under section 541 as generalized claims of creditors – not as claims of the debtor, *which would also avoid the* Wagoner *doctrine*. 944 F.2d at 118. Essentially, the Moving Defendants seek to have the Court apply an incongruent mix of Second Circuit law and Third Circuit law to reach a conclusion that does not accord with the precedent of either the Second or Third Circuit. The Court will not – and cannot – do so.

Therefore, for all these reasons, it must be determined whether a hypothetical creditor could bring claims three, four, five, and six of Complaint.

Bankruptcy courts generally apply forum state choice-of-law rules for issues of state law. *Geron ex rel. Thelen LLP v. Seyfarth Shaw LLP (In re Thelen LLP)*, 736 F.3d 213, 219 (2d Cir. 2013). This Court determines Connecticut courts would apply the approach of the Restatement (Second) of Conflict of Laws, namely, Connecticut courts would apply the law of state of incorporation to internal affairs of a corporate entity. *See Weber v. U.S. Sterling Secs., Inc.*, 924 A.2d 816, 822–23 (Conn. 2007) (applying Restatement (Second) of Conflict of Laws regarding

an *alter ego* claim and a limited liability company). The Complaint clearly alleges that HDNY is a New York limited liability company and Leading Shine is a Delaware corporation. (Complaint ¶¶ 10, 12.) *Warth*, 422 U.S. at 490. Therefore, the Court concludes New York law applies to claims three and four and Delaware law applies to claims five and six.

Regarding HDNY, New York law recognizes reverse piercing of the corporate veil by creditors. *Am. Fuel Corp. v. Utah Energy Dev. Co., Inc.*, 122 F.3d 130, 134 (2d Cir. 1997) (applying New York law) (citing *State v. Easton*, 647 N.Y.S.2d 904, 908 (N.Y. Sup. Ct. 1995)). New York law also allows creditors to bring beneficial ownership claims under a nominee theory. *Exp.-Imp. Bank of United States v. Asia Pulp & Paper Co., Ltd.*, 609 F.3d 111, 120 (2d Cir. 2010) (applying New York law) (citing *United States v. Coluccio*, 51 F.3d 337, 341 (2d Cir. 1995) (applying New York law)). Hence, claims three and four could both be brought by creditors generally.

Regarding Leading Shine, Delaware law allows creditors to reverse pierce the corporate veil. *Manichaean Capital, LLC v. Exela Techs., Inc.*, 251 A.3d 694, 714 (Del. Ch. 2021). Delaware also recognizes beneficial ownership claims. *See Salt Dome Oil Corp. v. Schenk*, 41 A.2d 583, 586 (Del. 1945) (citing *Chadwick v. Parkhill Corp.*, 41 A. 823 (Del. Ch. 1928)); *Hudak v. Procek*, 806 A.2d 140 (Del. 2002); *Preston v. Allison*, 650 A.2d 646 (Del. 1994); *Hannigan v. Italo Petroleum Corp. of Am.*, 77 A.2d 209, 213 (Del. 1949). Furthermore, creditors may bring beneficial ownership actions. *See LiButti v. United States*, 968 F. Supp. 71, 75 (N.D.N.Y. 1997), *aff'd in part, rev'd in part on other grounds*, 178 F.3d 114 (2d Cir. 1999); *Paloian ex rel. Dordevic v. Dordevic (In re Dordevic)*, 633 B.R. 553, 558 (Bankr. N.D. Ill. 2021), *aff'd by* 67 F.4th 372 (7th Cir. 2023). Any hypothetical creditor could bring claims five and six.

For the reasons stated above, because a hypothetical creditor could bring claims three, four, five, and six of the Complaint, the Court concludes the Trustee has standing under section 544(a) to bring those claims on behalf of creditors at large and therefore the *Wagoner* doctrine and the *in pari delicto* defense raised by the Moving Defendants are inapplicable. The Court does not need to reach the parties' arguments regarding collateral estoppel or exceptions to *in pari delicto*.

For all these reasons, the Court concludes it has jurisdiction over claims three, four, five, and six of the Complaint.

## IV. DISCUSSION

As to the merits, HDNY and Leading Shine raise no arguments regarding the sufficiency of pleading. Ms. Guo and HD Holding raise one argument. They argue that the Complaint should be dismissed as to them because they contend it seeks no relief against them. The Trustee argues that the Complaint does seek relief against them as the legal owners of, respectively, of Leading Shine and HDNY. The Trustee contends that it is a feature, not a deficit, of the claims that few allegations are made regarding Ms. Guo and HD Holding because the gravamen of the Complaint is the Individual Debtor – not Ms. Guo or HD Holding – owns and controls Leading Shine and HDNY. The Trustee also argues that Ms. Guo is collaterally estopped from raising this argument by the HK USA Order.

In determining whether the Complaint states a claim against Ms. Guo and/or HD Holding upon which relief may be granted, the Court must take the well-pleaded allegations of the Complaint, including those in documents attached to it, as true. *See Hughes v. Rowe*, 449 U.S. 5, 10 (1980); *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 208 (2d Cir. 2012); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *Tatum v. Oberg*, 650 F. Supp. 2d 185, 189

(D. Conn. 2009).  The Court must also consider "matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Under Fed. R. Civ. P. 8(a), made applicable by Fed. R. Bankr. P. 7008, the Complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The "plausibility standard," while not a "probability requirement," requires more than "sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Determining the plausibility of a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.

The Moving Defendant's argument is unpersuasive.  The Complaint plausibly alleges (i) Ms. Guo asserts ownership of Leading Shine (Complaint ¶ 13); and (ii) HD Holding is the owner of HDNY (Complaint ¶ 11).  Claim four seeks turnover of HD Holding's ownership interest in HDNY to the Individual Debtor's bankruptcy estate through delivery of the same to the Trustee. (Complaint ¶ 91.)  Similarly, claim six seeks turnover of Ms. Guo's or Ms. Yvette Wang's (another defendant) ownership interest in Leading Shine to the Individual Debtor's bankruptcy estate through delivery of the same to the Trustee.  (Complaint ¶ 102.)  The Complaint plausibly alleges claims against Ms. Guo and HD Holding.

Having found that the Trustee plausibly alleges a claim for relief against Ms. Guo, the Court does not need to consider the Trustee's collateral estoppel argument.

## V.  CONCLUSION AND ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED:**  The Motions to Dismiss (ECF Nos. 15, 76) are **DENIED**; and it is further

**ORDERED:**  Pursuant to Fed. R. Bankr. P. 7012(a), on or before April 5, 2024, the Moving Defendants shall file their answers to the Complaint.

Dated at Bridgeport, Connecticut this 22nd day of March, 2024.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut